# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONMIER PETERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 24-122-GBW |
| | ) |
| SGT. JOYNER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

Donmier Peters, James T. Vaughn Correctional Center, Smyrna, Delaware – *Pro se* Plaintiff

Julia Christina Mayer, DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware – Counsel for Defendants Sgt. Joyner, C.O. Downes, Cpl. White, Sgt. Hammond, Sgt. Walker, and C.O. Lione

**MEMORANDUM OPINION**

May 20, 2025
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

I.  **INTRODUCTION**

On January 31, 2024, Plaintiff Donmier Peters, an inmate at the James T. Vaughn Correctional Center (JTVCC), initiated this action *pro se* with the filing of a Complaint. (D.I. 2.) Now pending before the Court is the motion to dismiss filed by Defendants Sgt. Joyner, C.O. Downes, Cpl. White, Sgt. Hammond, Sgt. Walker, and C.O. Lione. (D.I. 27.) The Court grants Defendants' motion to dismiss for the reasons explained below.

II. **BACKGROUND**

The Complaint raises civil rights claims, pursuant to 42 U.S.C. § 1983, arising from a series of incidents beginning on September 18, 2023, when Plaintiff was moved to a new cell at JTVCC. (D.I. 2 at 5.) Several days after moving into the cell, Plaintiff learned from other inmates that the walls of his cell were known to leak when it rained. (*Id.*) With a severe thunderstorm in the forecast, Plaintiff asked to move to a different cell, but Plaintiff was not moved right away. (*Id.*)

The storm began approximately six days after Plaintiff moved into the cell, and it lasted two or three days. (*Id.* at 6.) During the storm, "rain scum" accumulated in Plaintiff's cell. (*Id.*) Plaintiff notified Defendants Joyner, Downes, and Hammond and, on the last day of the storm, a mop was provided to Plaintiff so that he could clean his cell. (*Id.*) Plaintiff refused to accept the mop

1

provided because the mop head was unsanitary and, two days later, Plaintiff was provided with a cleaner mop head. (*Id.* at 6-7.)

Also during this time, Plaintiff submitted a grievance about staff's failure to move him to a different cell, which was returned to Plaintiff unprocessed, with instructions to write to a specific captain regarding the staff issue. (*Id.* at 7.) Plaintiff wrote a letter to this captain, but he never sent it, because he slipped and fell while cleaning his cell with the replacement mop, injuring his lip, eyebrow, and nose, at which time, he was escorted to medical. (*Id.*; D.I. 2-1 at 2.) The injury to Plaintiff's nose exacerbated a preexisting fracture, resulting in breathing problems that have not since been resolved. (D.I. 2-1 at 2.)

After receiving medical attention, Plaintiff was returned to the same cell for several days, during which he submitted more grievances and made more requests to be moved with Defendants Joyner, White, Hammond, and Walker. (*Id.* at 3.) Plaintiff was then moved to another cell, which also leaks when it rains. (*Id.*) As a result of rain damage, Plaintiff's current cell has black mold in cracks in the walls. (*Id.* at 4.) Plaintiff has submitted grievances, and he has brought the conditions of the cell to the attention of all Defendants. (*Id.*) Plaintiff believes that Defendants have been deliberately indifferent to his situation. (*Id.*)

Based on the foregoing, Plaintiff seeks $1,000,000.00. (D.I. 2 at 8.)

## III. LEGAL STANDARD

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

3

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## IV. DISCUSSION

Holding the *pro se* Complaint to a less stringent standard than formal pleadings drafted by lawyers and viewing it in the light most favorable to Plaintiff, the Complaint fails to state a § 1983 claim upon which this Court can grant relief. For Plaintiff to prevail on his Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that Defendants acted with deliberate indifference to his health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To survive a motion to dismiss, the Complaint must plausibly state an objective "sufficiently serious risk," as well as subjective "deliberate indifference" by Defendants. *See id.*

First, the Complaint does not plausibly state a sufficiently serious risk. Courts that have considered similar conditions—where a cell was periodically

4

flooded with rainwater, *see, e.g.*, Callaway v. Morris, 2019 WL 1938804, at *3 (N.D. Miss. May 1, 2019), where an inmate slipped and fell due to a rainwater leak in his cell, *see, e.g., Shannon v. Vannoy*, 682 F. App'x 283, 285 (5th Cir. 2017), and where black mold was simply present in a cell, *see, e.g., Durden v. Erway*, 2025 WL 836008, at *5 (W.D. Mich. Mar. 18, 2025) (listing cases)—have all concluded that these conditions do not rise to the level of an Eighth Amendment violation. The Court cannot reasonably infer a sufficiently serious risk to Plaintiff's health or safety from the conditions described in the Complaint.

Second, the Complaint does not raise a plausible claim for deliberate indifference by Defendants. Prison officials are not deliberately indifferent to a prisoner's medical needs unless they act wantonly, *see Estelle v. Gamble*, 429 U.S. 97, 104 (1976), and whether an official's conduct "can be characterized as 'wanton' depends upon the constraints facing [him]," *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). Even if an official knows of a substantial risk, he is not liable "if [he] responded reasonably," and what is reasonable depends on the circumstances, which normally constrain what actions a state official can take. *Farmer*, 511 U.S. at 844.

To review, the timespan between Plaintiff's initial request to be moved, and Defendants' fulfillment of the request, was several weeks. Prior to the move, Defendants provided a mop, then provided a replacement mop, and then escorted Plaintiff to medical after he slipped and fell while mopping. After Plaintiff's move,

5

problems with rainwater leaks persisted in his new cell.  (*See* D.I. 2.)

From the foregoing, Defendants appear to have responded reasonably, under circumstances largely outside of their control.  *See, e.g., Rayford v. Sherman*, 2022 WL 1793162, at *18 (E.D. Cal. May 26, 2022), report and recommendation adopted, 2022 WL 4538198 (E.D. Cal. Sept. 28, 2022) (finding no deliberate indifference where prison official defendants were not responsible for cell leaks, lacked authority to fix them, and did what they could to remedy leak-related problems).  As such, the Court cannot reasonably infer deliberate indifference by Defendants from the allegations in the Complaint.

To the extent that the Complaint raises a Delaware state tort negligence claim, or any other state law claim, the Court declines to exercise supplemental jurisdiction.  *See* 28 U.S.C. § 1367; *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003).  Courts have found that slip-and-fall accidents do not violate the Eighth or Fourteenth Amendment, even where prison officials were aware of the conditions.  *See Smith v. Brown*, 2012 WL 5392154, at *2 (N.D. Ga. Sept. 25, 2012) (collecting cases); *see also Bacon v. Carroll*, 232 F. App'x 158, 160 (3d Cir. 2007) (finding that slip and fall claim amounted merely to negligence).

In an abundance of caution, Plaintiff will be given leave to amend the Complaint.  An Amended Complaint must state a cognizable claim that cures the deficiencies discussed above.  An Amended Complaint must provide a clear and

6

concise statement regarding who specifically is alleged to have done what, when, and to what effect. *See* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). The Court cannot credit bald assertions and legal conclusions in the absence of supporting factual allegations, *see Iqbal*, 556 U.S. at 679, and a defendant in a civil rights action "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved," *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007).

An amended complaint must state appropriate Defendants and seek viable relief. Eleventh Amendment sovereign immunity will prohibit Plaintiff from seeking monetary damages from Delaware state officials, in their official capacities, *See Merritts v. Richards*, 62 F.4th 764, 771-73 (3d Cir. 2023); *Carter v. James T. Vaughn Corr. Ctr.*, 134 F. Supp. 3d 794, 799 (D. Del. 2015). A suit seeking prospective injunctive relief can be brought against state officials in their official capacities under § 1983. *See Merritts*, 62 F.4th at 771-73. Additionally, "a damage claim under section 1983 alleging civil rights violations may be maintained against [state officials] in [their] individual capacit[ies]." *Melo v. Hafer*, 912 F.2d 628, 637 (3d Cir. 1990), aff'd, 502 U.S. 21 (1991).

7

## V.  CONCLUSION

For the reasons discussed, the Court will grant Defendants' motion to dismiss (D.I. 27) and dismiss the Complaint (D.I. 2) without prejudice.  Plaintiff will be granted leave to amend the Complaint.

An appropriate Order will be entered.