# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONMIER PETERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 24-122-GBW |
| ) | |
| SGT. JOYNER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

On January 31, 2024, *pro se* Plaintiff Donmier Peters, who is serving a sentence for a state criminal conviction at the James T. Vaughn Correctional Center (JTVCC) in Smyrna, Delaware, initiated the above-captioned civil action. This Court subsequently dismissed Plaintiff's complaint without prejudice to filing an amended complaint upon a motion to dismiss filed by Delaware Department of Correction (DDOC) Defendants. This Memorandum Order assumes familiarity with the May 20, 2025 Memorandum Opinion and Order of Dismissal. (D.I. 36; D.I. 37.)

The operative pleading in this case is now Plaintiff's amended complaint. (D.I. 38; *see also* D.I. 39.) Defendants move to dismiss the amended complaint for failure to state a claim. (D.I. 40.) The parties have fully briefed the motion to dismiss. (*See* D.I. 41; D.I. 48; D.I. 49; *see also* D.I. 50.) The Court denies

Defendants' motion to dismiss for the reasons discussed below.

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A possibility of relief is not enough. *Id.*

"Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In determining the sufficiency of the complaint, the court must assume all "well-pleaded facts" are true but need not assume the truth of legal conclusions. *Id.* at 679. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure

2

of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotation marks omitted).

This Court dismissed Plaintiff's original complaint because it did not plausibly state a sufficiently serious risk to Plaintiff's health or safety from the conditions of confinement alleged. (*See* D.I. 36 at 5-6.) The amended complaint newly alleges that, for approximately one month, Plaintiff was confined in a cell with standing water due to rainwater leakage issues for twenty-one-and-a-half hours of every day. (*See* D.I. 38 at 10-13; *see also* D.I. 39 at 2.) For eight of those hours, the cell lights were disabled or defused. (*See* D.I. 38 at 11; *see also* D.I. 39 at 2.) While assigned to the cell, Plaintiff had an eye injury that caused "a 20/80 slant" of Plaintiff's vision, and he was taking medication, the side effects of which included drowsiness. (*Id.*) With the newly alleged facts regarding Plaintiff's visual and physical impairments, lack of lighting, and other factors (in addition to the rainwater leakage issues previously alleged), the amended complaint plausibly states a sufficiently serious risk to Plaintiff's health or safety from his conditions of confinement for this stage of the case.

This Court also dismissed the original complaint because it did not raise a plausible claim for deliberate indifference by Defendants. (*See* D.I. 36 at 6.) The amended complaint newly alleges that Plaintiff repeatedly made DDOC staff aware of his impairments and the resulting risk posed to him by the standing water in his

3

cell, particularly during the eight hours of darkness nightly. (*See* D.I. 38 at 10-13; *see also* D.I. 39 at 2-5.) Plaintiff repeatedly requested to be moved to a different cell, but these requests were denied for at least several weeks, even after Plaintiff slipped in the standing water, resulting in facial injuries that caused Plaintiff breathing problems not yet resolved. (*See id.*) Plaintiff's initial requests for a mop were also denied. (*See id.*) Defendants allegedly stated that helping Plaintiff would be "too much of a hassle," told Plaintiff, "You'll just have to watch your step" or "deal with it strategically," and further said, "I can't help, and I wouldn't help if I could." (D.I. 38 at 12-13.) The foregoing plausibly alleges deliberate indifference by Defendants.

In moving to dismiss the amended complaint, Defendants call into question several of the new allegations discussed above. (*See* D.I. 41; D.I. 49.) Disputes regarding material facts both can, and should, be taken up at a later stage of this case. For this stage, the amended complaint contains sufficient factual allegations to reasonably infer Defendants' liability for Eighth Amendment conditions of confinement claims. Thus, Defendants' motion to dismiss the amended complaint is denied. (D.I. 40.) A Scheduling Order will follow.

4

For the reasons discussed above, at Wilmington on this 21st day of October 2025, IT IS HEREBY ORDERED that Defendant's motion to dismiss (D.I. 40) is **DENIED**.

_____
The Honorable Gregory B. Williams
